IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES H. PROCTOR, JR.,** | : | CIVIL ACTION NO. 1:25-CV-254 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **LAUREL HARRY**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, James H. Proctor, alleges that defendants violated his civil rights during an incident at an outside hospital when he was incarcerated at Greene State Correctional Institution ("SCI-Greene") in 2020. We will dismiss the complaint with prejudice as untimely and close this case.[1]

## I. Factual Background & Procedural History

Proctor is currently incarcerated in Houtzdale State Correctional Institution ("SCI-Houtzdale") but was incarcerated in SCI-Greene at all relevant times. He filed this case on February 11, 2025. According to the complaint, defendants, who are all employees of SCI-Greene or the Pennsylvania Department of Corrections

---

[1] It appears from the complaint that venue may appropriately lie in the United States District Court for the Western District of Pennsylvania rather than this district because plaintiff's claims arise from events occurring in Washington County and Greene County, both of which are located in the western district. See 28 U.S.C. 118(c). However, because plaintiff's claims are plainly untimely, the court will dismiss the case rather than transfer it to the western district in the interest of judicial economy and conserving the resources of both courts.

("DOC"),[2] violated his civil rights when Proctor was briefly transferred to Washington Hospital on June 22, 2020. (Doc. 1 at 4). Although the exact nature of Proctor's claims is unclear because the complaint alleges almost no facts in support of the claims, he states in conclusory fashion that the claims arise from "assaults, false imprisonment, rape, failing to comply with court orders, perjury." (Id.) Proctor seeks damages and injunctive relief. (Id. at 5).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

---

[2] The court notes that prior to her appointment to this court, the undersigned was employed as an attorney with the Pennsylvania Office of the Attorney General ("OAG"), which frequently represents individuals employed by the DOC and state correctional institutions. The undersigned is additionally aware of several past cases in which she personally represented at least one of the defendants—John Wetzel, the former secretary of the DOC—as an attorney for the OAG. Canon 3(C) of the Code of Conduct for United States Judges requires a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." A federal statute similarly requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, the court has reviewed this matter and concludes that disqualification is not necessary. Although the undersigned has represented at least one of the defendants in past lawsuits, the undersigned does not have a personal relationship with Wetzel or any of the other defendants and does not recall ever having a conversation with any of the defendants. The undersigned also does not have any personal knowledge of the plaintiff or the facts of this case. Finally, the court notes that the instant lawsuit is barred by the applicable statute of limitations and thus does not present a fact pattern that requires the court to exercise its discretion in deciding the case.

1915(e)(2);[3] 28 U.S.C. § 1915A.[4]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017).  This standard requires the court to "accept all factual allegations as

---

[3] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded,

4

must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III.   Discussion

Proctor's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983.[5] Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Section 1983 civil rights complaints brought by inmates in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions. Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).  The limitations period begins to run on the date that the plaintiff knew, or should have known, of the injury upon which the claim is based.  Id. (citing Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)).  A district court may dismiss a complaint as untimely pursuant to a screening review under 28 U.S.C. § 1915(e)(2) and 28 U.S.C.

---

[5] Proctor checks two boxes on his complaint indicating that he is also suing pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), (see Doc. 1 at 1). However, because plaintiff's claims are all brought against state government officials, they are properly construed as claims filed pursuant to Section 1983.

§ 1915A if the untimeliness is clear from the face of the complaint. McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (nonprecedential).

Here, it is clear from the face of Proctor's complaint that his claims are untimely. He alleges wrongdoing that occurred on June 22, 2020, and there is no basis to conclude from the complaint that the limitations period began to run on a later date. Thus, Proctor was required to file his complaint no later than June 22, 2022. Because he did not file his complaint until over two and a half years after that limitations period expired, his complaint will be dismissed with prejudice as untimely.

## IV.   Conclusion

We will dismiss the complaint as untimely pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and close this case. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   February 13, 2025